## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN LUTZ,

          Plaintiff,

                                    Case No. 20-cv-0132-bhl

   v.

BEECHWOOD DISTRIBUTORS INC,

          Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

On October 28, 2020, counsel for the plaintiff filed a Civ. L. R. 7(h) expedited non-dispositive motion to compel the defendant's owner and CEO, John Sheehan, to appear for a deposition via Zoom. (ECF No. 14.) Counsel for the defendant has opposed the motion to compel. (ECF No. 16.)

By way of background, plaintiff served a notice of the deposition on defendant on September 4, 2020. (ECF No. 15-1.) The notice stated that the deposition would take place on October 28, 2020 by "oral examination … via Zoom … and recorded by stenographic and/or audiovisual means." (*Id.*) Defendant does not dispute receiving this notice. On October 27, 2020, the court reporting company sent an email to counsel for the defendant with instructions for participating in the deposition. (ECF No. 17.) These instructions included a link for participating in the deposition by video teleconference. (ECF No. 17-1.) They also included a phone number for "joining the proceeding by phone ONLY." (*Id.*) At the time of the deposition, on October 28, 2020, Sheehan appeared for the deposition by phone. (ECF No. 17.) When plaintiff's counsel asked that Sheehan appear by Zoom/videoconference, consistent with the notice of deposition, Sheehan refused and the deposition did not go forward. (ECF No. 14.)

Counsel for the defendant argues that, because the court reporting company provided a telephone option, Sheehan could choose between appearing by video teleconference or by telephone. (ECF No. 16.) He insists that if plaintiff did not wish to conduct the deposition by

telephone he should have issued "an amended notice specifying with particularity the manner in which the witness shall appear." (*Id.*)

To support this argument, counsel cites a court order from an unrelated case in the Western District of Wisconsin. (*Id.*) But that order simply instructed the parties in that case that they could take in-person depositions if all parties felt comfortable doing so. Recognizing the health risks arising from the COVID-19 pandemic, the court then ordered that as an alternative, the parties could use "Zoom or similar technology to capture an audio and video recording of the depositions." *Thom v. Garrigan*, No. 18-CV-368, 2020 WL 3405714, at *3 (W.D. Wis. May 21, 2020). The court then stated that "[i]ndividuals can participate in a Zoom meeting via computer or telephone." (*Id.*) The cited decision says nothing remotely suggesting that a party or deponent has the right not to appear via Zoom for a properly noticed video deposition. Counsel's suggestion otherwise is borderline frivolous.

Plaintiff's notice of deposition was sufficient to require Sheehan to appear by video teleconference. The notice states the deposition will be "recorded by stenographic and/or audiovisual means." (*Id.*) It also specifically referenced the deposition being conducted by Zoom. Indeed, plaintiff could not have recorded the deposition by "audiovisual means," as provided in the notice, if Sheehan appeared only by audio. By insisting that plaintiff issue an amended notice, or else allow Sheehan to appear by telephone, counsel for the defendant is "imped[ing], delay[ing], or frustrat[ing] the fair examination of the deponent." *See* Fed. R. Civ. P. 30(d)(2). The Court expects counsel to avoid similar gameplaying going forward.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel and request for reasonable attorney fees are GRANTED.

IT IS FURTHER ORDERED that the deponent shall appear by video teleconference for his deposition within the next two weeks or at a reasonable time agreed to among counsel.

IT IS FURTHER ORDERED that Defendant and/or Defendant's counsel shall pay the Plaintiff's reasonable attorney fees of $900 incurred in bringing this motion.

Dated at Milwaukee, Wisconsin on November 2, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge